Thiago M. Coelho, SBN 324715
*thiago.coelho@wilshirelawfirm.com*
Lauren M. Lendzion, SBN 239184
*lauren.lendzion@wilshirelawfirm.com*
Jesenia A. Martinez, SBN 316969
*jesenia.martinez@wilshirelawfirm.com*
Jesse S. Chen, SBN 336294
*jesse.chen@wilshirelawfirm.com*
**WILSHIRE LAW FIRM, PLC**
660 S. Figueroa St., Sky Lobby
Los Angeles, California 90017
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

*Attorneys for Plaintiff and the Putative Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIERRA WANDREY, individually, and on behalf of all others similarly situated, and on behalf of the State of California and other aggrieved persons,<br><br>       *Plaintiff*,<br><br>    v.<br><br>LCS COMMUNITY EMPLOYMENT, LLC, an Iowa limited liability company; and DOES 1 through 10, inclusive,<br><br>       *Defendants*. | Case No.: 4:25-cv-03430-YGR<br><br>CLASS & PAGA REPRESENTATIVE ACTION<br><br>**FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Judge: Yvonne Gonzales Rogers<br>Dept: Courtroom 1 – 4th Floor<br><br>Date Filed: February 25, 2025<br>Trial Date: Not Yet Set |

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

Plaintiff Sierra Wandrey ("Plaintiff"), individually and on behalf of all others similarly situated, and on behalf of the State of California and other aggrieved persons, on information and belief, alleges as follows:

## I.    **INTRODUCTION & PRELIMINARY STATEMENT**

1.    Plaintiff brings this action against Defendant LCS Community Employment ("LCS") and DOES 1 through 10 (collectively, "Defendants") for California Labor Code violations and unfair business practices stemming from Defendants' failure to pay for all hours worked (minimum, straight time, and overtime wages), failure to provide meal periods, failure to authorize and permit rest periods, failure to timely pay final wages, failure to furnish accurate wage statements, and failure to indemnify employees for expenditures.

2.    Plaintiff brings the First through Eighth Causes of Action individually and as a class action on behalf of Plaintiff and certain current and former employees of Defendants (collectively, the "Class" or "Class Members," and defined more fully below). The Class consists of Plaintiff and all other persons who have been employed by any Defendant in California as an hourly-paid or non-exempt employee during the statute of limitations period applicable to the claims pleaded here.

3.    Plaintiff brings the Ninth Cause of Action individually and on behalf of the Aggrieved Employees, meaning all persons who worked for Defendants in California as hourly paid or non-exempt employees during the statute of limitations period applicable to the claim pleaded herein.

4.    Defendant owns/owned and operates/operated an industry, business, and establishment within the State of California, including Sonoma County. As such and based upon all the facts and circumstances incident to Defendant's business in California, Defendant is subject to the California Labor Code, Wage Orders issued by the Industrial Welfare Commission (IWC), and the California Business and Professions Code.

5.    Despite these requirements, throughout the statutory period, Defendants have, at times:

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

(a)    Failed to pay employees for all hours worked, including all minimum, straight time, and overtime wages in compliance with the California Labor Code and IWC Wage Orders, specifically MW-2025 and IWC Order No. 5-2001;

(b)    Failed to provide employees with timely and duty-free meal periods in compliance with the California Labor Code and IWC Wage Orders, specifically IWC Order No. 5-2001, failed to maintain accurate records of all meal periods taken or missed, and failed to pay an additional hour's pay for each workday a meal period violation occurred;

(c)    Failed to authorize and permit employees to take timely and duty-free rest periods in compliance with the California Labor Code and IWC Wage Orders, specifically IWC Order No. 5-2001, and failed to pay an additional hour's pay for each workday a rest period violation occurred;

(d)    Willfully failed to pay employees all minimum wage, straight time wages, overtime wages, meal period premium wages, and rest period premium wages due within the time period specified by California law when employment terminates;

(e)    Failed to provide employees with accurate, itemized wage statements containing all the information required by the California Labor Code and IWC Wage Orders, specifically IWC Order No. 5-2001; and

(f)    Failed to indemnify employees for expenditures incurred in direct discharge of duties of employment.

6.    On information and belief, Defendants were on actual and constructive notice of the improprieties alleged herein and intentionally refused to rectify their unlawful conduct. Defendants' violations, as alleged above, during all relevant times herein were willful and deliberate.

7.    At all relevant times, Defendants were and are legally responsible for all of the unlawful conduct, policies, acts and omissions as described in each and all of the foregoing paragraphs as the employers of Plaintiff, the Class, and the Aggrieved Employees. Further, Defendants are responsible for each of the unlawful acts or omissions complained of herein under the doctrine of respondeat superior.

**WILSHIRE LAW FIRM, PLC**
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

## II.   **THE PARTIES**

### A.   **Plaintiff**

8.     Plaintiff Sierra Wandrey is a resident of Santa Rosa, California who worked for Defendants in Sonoma County, California as an hourly-paid, non-exempt employee from approximately February 2021 to approximately April 2024.

9.     Plaintiff reserves the right to seek leave to amend this complaint to add new Plaintiffs, if necessary, to establish suitable representative(s) pursuant to *La Sala v. American Savings and Loan Association* (1971) 5 Cal.3d 864, 872, and other applicable law.

### B.   **Defendants**

10.     Plaintiff is informed and believes, and based upon that information and belief alleges, that Defendant LCS is, and at all times herein mentioned, was:

(a)     An Iowa corporation with its corporate headquarters and place of business in Des Moines, Iowa;

(b)     A business entity conducting business in numerous counties throughout the State of California, including Sonoma County; and,

(c)     The former employer of Plaintiff, the current and/or former employer of the Putative Class and the Aggrieved Employees because Defendant LCS suffered and permitted Plaintiff,  the Class, and the Aggrieved Employees to work; and/or exercised control over their wages, hours, or working conditions; and/or engaged Plaintiff,  the Class, and the Aggrieved Employees, thereby creating a common law employment relationship.

11.     Plaintiff does not know the true names or capacities of the persons or entities sued herein as DOES 1 through 10, inclusive, and therefore sues said Defendants by such fictitious names. Each of the Doe Defendants was in some manner legally responsible for the damages suffered by Plaintiff.  the Class, and the Aggrieved Employees as alleged herein. Plaintiff will amend this complaint to set forth the true names and capacities of these Defendants when they have been ascertained, together with appropriate charging allegations, as may be necessary.

12.     At all times mentioned herein, the Defendants named as DOES 1 through 10, inclusive, and each of them, were residents of, doing business in, availed themselves of the

jurisdiction of, and/or injured a significant number of the Plaintiff, the Class, and the Aggrieved Employees in the State of California.

13.     Plaintiff is informed and believes and thereon alleges that at all relevant times each Defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and the other employees described in the Class definitions below, and exercised control over their wages, hours, and working conditions. Plaintiff is informed and believes and thereon alleges that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, joint employer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiff is informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have known about, and authorized, ratified, adopted, approved, controlled, aided, and abetted the conduct of all other Defendants.

## III.    **JURISDICTION AND VENUE**

14.     This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(a) because: (a) the matter in controversy exceeds the sum of $5 million, exclusive of interests and costs; and (b) some of the class members are citizens of a state (California), which is minimally diverse from Defendant's state of citizenship (Iowa).

15.     The Court has personal jurisdiction over Defendants because Plaintiff's, Class Members', and the Aggrieved Employees' claims arise out of Defendants' substantial and significant business activities conducted in the Northern District of California.

16.     At all times mentioned herein, Defendants, inclusive, and each of them, were residents of, doing business in, availed themselves of the jurisdiction of, and/or injured Plaintiff, the Class, and the Aggrieved Employees in the Northern District of California.

17.     Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this District, Defendant conducts and continues to conduct a substantial

FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

and significant amount of business in this District, Defendant is subject to personal jurisdiction in this District, and a substantial portion of the conduct complained on herein occurred in this District.

## IV.    ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

18.    Plaintiff worked for Defendants in Sonoma County, California as an hourly-paid, non-exempt employee from approximately February 2021 to approximately April 2024. Throughout Plaintiff's employment for Defendants, Plaintiff held the titles of Caregiver, MedTech, and Resident Care Coordinator. Plaintiff's duties primarily involved non-exempt work including taking care of residents, assisting the nurses, and training employees. Throughout her employment, Defendants paid Plaintiff an hourly wage and classified Plaintiff as non-exempt from overtime. Under the IWC Wage Orders, specifically MW-2025 and IWC Order No. 5-2001, Plaintiff was properly classified as non-exempt as she did not qualify for exemption under state or federal law. Defendants repeatedly and frequently scheduled Plaintiff to work at least five days in a workweek and at least eight hours per day, but Plaintiff also worked more than eight hours in a workday and more than 40 hours in a workweek.

19.    Throughout Plaintiff's employment, Defendants, at times, failed to pay Plaintiff for all hours worked (including minimum, straight time, and overtime wages), failed to provide Plaintiff with legally compliant meal periods, failed to authorize and permit Plaintiff to take rest periods, failed to timely pay all final wages to Plaintiff when Defendants terminated Plaintiff's employment, failed to furnish accurate wage statements to Plaintiff, and failed to indemnify Plaintiff for expenditures.

20.    Throughout the statutory period, Defendants, maintained a policy and practice of not paying Plaintiff, the Class, and the Aggrieved Employees for all hours worked, including minimum, straight time, and overtime wages. Defendants would, at times, manufacture time keeping records to falsely show that Plaintiff,  the Class, and the Aggrieved Employees took meal periods when in fact they worked "off-the-clock," uncompensated. The effect is that Plaintiff, the Class, and the Aggrieved Employees worked through meal periods "off-the-clock," and continued to work after they had clocked out for the workday. Defendants paid Plaintiff, the Class, and the Aggrieved Employees less than all their work time. Some of this unpaid work should have been

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

paid at the overtime rate. In failing to pay for all hours worked, Defendants also failed to maintain accurate records of the hours Plaintiff, the Class, and the Aggrieved Employees worked.

21.    Throughout the statutory period, Defendants wrongfully failed to provide Plaintiff, the Class, and the Aggrieved Employees with legally compliant meal periods. Defendants regularly required Plaintiff, the Class, and the Aggrieved Employees to work in excess of five consecutive hours a day without providing a 30-minute, uninterrupted, and duty-free meal period for every five hours of work, or without compensating Plaintiff, the Class, and the Aggrieved Employees for all missed meal periods that were not provided by the end of the fifth hour of work or tenth hour of work. Instead, Defendants continued to assert control over Plaintiff, the Class, and the Aggrieved Employees by requiring, pressuring, or encouraging them to perform work tasks which could not be completed without working in lieu of taking mandatory meal periods, or by denying Plaintiff, the Class, and the Aggrieved Employees permission to take a meal period. For instance, Plaintiff almost never took an uninterrupted 30-minute meal period in the first five hours of work. Additionally, as part of her job duties, Defendant required Plaintiff to keep a walkie talkie on her person and Plaintiff would get interrupted during her meal periods.  Defendants also failed, at times, to permit Plaintiff, the Class, and the Aggrieved Employees to take a second meal period when they worked at least ten hours of work in a workday. At times, Plaintiff would only receive one meal period for a sixteen-hour shift. As described above, Defendants would manufacture time keeping records to falsely show that Plaintiff, the Class, and the Aggrieved Employees took meal periods by the fifth hour of work or took meal periods when in fact they worked "off-the-clock", uncompensated. Accordingly, Defendants failed to provide meal periods to Plaintiff, the Class, and the Aggrieved Employees in compliance with California law.

22.    Throughout the statutory period, Defendants have, at times, wrongfully failed to authorize and permit Plaintiff, the Class, and the Aggrieved Employees to take legally compliant rest periods. Defendants required Plaintiff, the Class, and the Aggrieved Employees to work in excess of four consecutive hours a day without Defendants authorizing and permitting them to take a 10-minute, uninterrupted, duty-free rest period for every four hours of work (or major fraction of four hours), or without compensating Plaintiff, the Class, and the Aggrieved Employees for rest

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

periods that were not authorized or permitted. Instead, Defendants continued to assert control over Plaintiff, the Class, and the Aggrieved Employees by requiring, pressuring, or encouraging them to perform work tasks which could not be completed without working in lieu of taking mandatory rest periods, or by denying Plaintiff, the Class, and the Aggrieved Employees permission to take a rest period. Due to the nature of their work and dealing with patients, Plaintiff, the Class, and the Aggrieved Employees would have to continue working during their rest periods, if a patient required attention.  Accordingly, Defendants failed to authorize and permit Plaintiff, the Class, and the Aggrieved Employees to take rest periods in compliance with California law.

23.    Throughout the statutory period, Defendants, at times, willfully failed and refused to timely pay Plaintiff, the Class, and the Aggrieved Employees all final wages due at their termination of employment. In addition, Plaintiff's final paychecks did not include payment for all expenditures, minimum wage, straight time wages, overtime wages, meal period premium wages, and rest period premium wages owed to Plaintiff by Defendants at the conclusion of Plaintiff's employment. On information and belief, Defendants' failure to timely pay Plaintiff's final wages when Plaintiff's employment terminated was not a single, isolated incident, but was instead consistent with Defendants' practices that applied, at times, to Plaintiff, the Class, and the Aggrieved Employees.

24.    Throughout the statutory period, Defendants failed, at times, to furnish Plaintiff, the Class, and the Aggrieved Employees with accurate, itemized wage statements showing all applicable hourly rates, and all gross and net wages earned (including correct hours worked, correct wages for meal periods that were not provided in accordance with California law, and correct wages for rest periods that were not authorized and permitted to take in accordance with California law). As a result of these violations of California Labor Code section 226, subdivision (a), the Plaintiff, and some, but not necessarily all, of the Class, and the Aggrieved Employees suffered injury because, among other things:

(a)    the violations led them to believe that they were not entitled to be paid minimum wage, straight time wages, overtime wages, meal period premium wages, and rest period premium wages, even though they were entitled;

FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

(b)    the violations led them to believe that they had been paid the minimum wage, straight time wages, overtime wages, meal period premium wages, and rest period premium wages, even though they had not been;

(c)    the violations led them to believe they were not entitled to be paid minimum wage, straight time wages, overtime wages, meal period premium wages, and rest period premium wages at the correct California rate even though they were entitled;

(d)    the violations led them to believe they had been paid minimum wage, straight time wages, overtime wages, meal period premium wages, and rest period premium wages at the correct California rate even though they had not been;

(e)    the violations hindered them from determining the amounts of minimum wage, straight time wages, overtime wages, meal period premium wages, and rest period premium wages owed to them;

(f)    in connection with their employment before and during this action, and in connection with prosecuting this action, the violations caused them to have to perform mathematical computations to determine the amounts of wages owed to them, computations they would not have to make if the wage statements contained the required accurate information;

(g)    by understating the wages truly due to them, the violations caused them to lose entitlement and/or accrual of the full amount of Social Security, disability, unemployment, and other governmental benefits;

(h)    the wage statements inaccurately understated the wages, hours, and wage rates to which Plaintiff, the Class, and the Aggrieved Employees were entitled, and Plaintiff, the Class, and the Aggrieved Employees were paid less than the wages and wage rates to which they were entitled.

25. Thus, Plaintiff, and some, but not necessarily all, of the Class, and the Aggrieved Employees are owed the amounts provided for in California Labor Code section 226, subdivision (e).

26.    Throughout the statutory period, Defendants have wrongfully required Plaintiff, the Class, and the Aggrieved Employees to pay expenses that they incurred in direct discharge of their

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

duties for Defendants. Plaintiff, the Class, and the Aggrieved Employees paid out-of-pocket for necessary employment-related expenses, including without limitation, scrubs and cell phone expenses.

27.    Plaintiff, the Class, and the Aggrieved Employees incurred substantial expenses as a direct result of performing their job duties for Defendants, but Defendants failed to indemnify Plaintiff, the Class, and the Aggrieved Employees for these employment-related expenses.

## V.    **CLASS ACTION ALLEGATIONS**

28.    Plaintiff brings certain claims individually, as well as on behalf of each and all other persons similarly situated, and thus, seeks class certification under California Code of Civil Procedure section 382.

29.    All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

30.    The proposed Class consists of and is defined as:

> All persons who worked for any Defendant in California as hourly-paid or non-exempt employees at any time during the period beginning four years before the filing of the initial complaint in this action and ending when notice to the Class is sent.

31.    At all material times, Plaintiff was a member of the Class.

32.    Plaintiff undertakes this concerted activity to improve the wages and working conditions of all Class Members.

33.    There is a well-defined community of interest in the litigation and the Class is readily ascertainable:

(a)    Numerosity: The members of the Class (and each subclass, if any) are so numerous that joinder of all members would be unfeasible and impractical. The membership of the entire Class is unknown to Plaintiff at this time; however, the Class is estimated to be greater than 40 individuals and the identity of such membership is readily ascertainable by inspection of Defendants' records.

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

(b)     <u>Typicality</u>: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom there is a shared, well-defined community of interest, and Plaintiff's claims (or defenses, if any) are typical of all Class Members' claims as demonstrated herein.

(c)     <u>Adequacy</u>: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom there is a shared, well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff has no conflicts with or interests antagonistic to any Class Member. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

(d)     <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

(1)     The interests of the members of the Class in individually controlling the prosecution or defense of separate actions;

(2)     The extent and nature of any litigation concerning the controversy already commenced by or against members of the Class;

(3)     The desirability or undesirability of concentrating the litigation of the claims in the particular forum; and,

(4)     The difficulties likely to be encountered in the management of a class action.

(e)     <u>Public Policy Considerations</u>: The public policy of the State of California is to resolve the California Labor Code claims of many employees through a class action. Indeed, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are also fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means. Class actions

provide the Class Members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights at the same time as their privacy is protected.

34. There are common questions of law and fact as to the Class (and each subclass, if any) that predominate over questions affecting only individual members, including without limitation, whether, as alleged herein, Defendants have:

(a) Failed to pay Class Members for all hours worked, including minimum, straight time, and overtime wages;

(b) Failed to provide meal periods and pay meal period premium wages to Class Members;

(c) Failed to authorize and permit rest periods and pay rest period premium wages to Class Members;

(d) Failed to provide Class Members with timely final wages;

(e) Failed to provide Class Members with accurate wage statements;

(f) Failed to indemnify Class Members for expenditures; and

(g) Violated California Business and Professions Code sections 17200, *et. seq.* as a result of their illegal conduct as described above.

35. This Court should permit this action to be maintained as a class action pursuant to California Code of Civil Procedure section 382 because:

(a) The questions of law and fact common to the Class predominate over any question affecting only individual Class Members;

(b) A class action is superior to any other available method for the fair and efficient adjudication of the claims of the Class Members;

(c) The members of the Class are so numerous that it is impractical to bring all members of the Class before the Court;

(d) Plaintiff, and the other members of the Class, will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

(e) There is a community of interest in obtaining appropriate legal and equitable relief for the statutory violations, and in obtaining adequate compensation for the damages and

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

injuries for which Defendants are responsible in an amount sufficient to adequately compensate the members of the Class for the injuries sustained;

      (f)    Without class certification, the prosecution of separate actions by individual members of the Class would create a risk of:

      (1)    Inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants; and/or,

      (2)    Adjudications with respect to the individual members which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests, including but not limited to the potential for exhausting the funds available from those parties who are, or may be, responsible Defendants; and,

      (g)    Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief appropriate with respect to the Class as a whole.

36.    Plaintiff contemplates the eventual issuance of notice to the proposed members of the Class that would set forth the subject and nature of the instant action. Defendants' own business records may be utilized for assistance in the preparation and issuance of the contemplated notices. To the extent that any further notices may be required, Plaintiff contemplates the use of additional techniques and forms commonly used in class actions, such as published notice, e-mail notice, website notice, first-class mail, or combinations thereof, or by other methods suitable to the Class and deemed necessary and/or appropriate by the Court.

## VI.    CAUSES OF ACTION[1]

### FIRST CAUSE OF ACTION

### (Failure to Pay Minimum and Straight Time Wages for All Hours Worked)

37.    Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs

---

[1] Unless otherwise stated, Plaintiff assert all causes of action against all Defendants.

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

1 through 36 in this Complaint.

38.    "Hours worked" is the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so.

39.    At all relevant times herein mentioned, Defendants, at times, knowingly failed to pay to Plaintiff and the Class compensation for all hours they worked. By their failure to pay compensation for each hour worked as alleged above, Defendants willfully violated the provisions of California Labor Code section 1194, and any additional applicable IWC Wage Orders, specifically MW-2005 and IWC Order No. 5-2001, which require such compensation to non-exempt employees.

40.    Accordingly, Plaintiff and the Class are entitled to recover minimum and straight time wages for all non-overtime hours worked for Defendants.

41.    By and through the conduct described above, Plaintiff and the Class have been deprived of their rights to be paid wages earned by virtue of their employment with Defendants.

42.    By virtue of the Defendants' unlawful failure to pay additional compensation to Plaintiff and the Class for their non-overtime hours worked without pay, Plaintiff and some, but not necessarily all, of the Class suffered, and will continue to suffer, damages in amounts which are presently unknown to Plaintiff and the Class, and which will be ascertained according to proof at trial.

43.    By failing to keep adequate time records required by California Labor Code section 1174, subdivision (d), Defendants have made it difficult to calculate the full extent of minimum wage compensation due Plaintiff and the Class.

44.    Pursuant to California Labor Code section 1194.2, Plaintiff and the Class are entitled to recover liquidated damages (double damages) for Defendants' failure to pay minimum wages.

45.    California Labor Code section 204 requires employers to provide employees with all wages due and payable twice a month. Throughout the statute of limitations period applicable to this cause of action, Plaintiff and the Class were entitled to be paid twice a month at rates

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

required by law, including minimum and straight time wages. However, Defendants failed and refused to pay Plaintiff and some, but not necessarily all, of the Class all such wages due and failed to pay those wages twice a month.

46.     Plaintiff and the Class are also entitled to seek recovery of all unpaid minimum and straight time wages, interest, and reasonable attorneys' fees and costs pursuant to California Labor Code sections 218.5, 218.6, and 1194 (a).

## SECOND CAUSE OF ACTION

### (Failure to Pay Overtime Wages)

47.     Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 46 in this Complaint.

48.     California Labor Code section 510 provides that employees in California shall not be employed more than eight hours in any workday or 40 hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

49.     California Labor Code sections 1194 and 1198 provide that employees in California shall not be employed more than eight hours in any workday unless they receive additional compensation beyond their regular wages in amounts specified by law. Additionally, California Labor Code section 1198 states that the employment of an employee for longer hours than those fixed by the IWC is unlawful.

50.     At all times relevant hereto, Plaintiff and the Class have, at times, worked more than eight hours in a workday and/or more than 40 hours in a workweek, as employees of Defendants.

51.     At all times relevant hereto, Defendants failed to pay Plaintiff and the Class overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by California Labor Code sections 510 and 1198.

52.     By virtue of Defendants' unlawful failure to pay additional premium rate compensation to the Plaintiff and the Class for their overtime hours worked, Plaintiff and the Class have suffered, and will continue to suffer, damages in amounts which are presently unknown to them, but which exceed the jurisdictional minimum of this Court and which will be ascertained according to proof at trial.

1    53.    By failing to keep adequate time records required by California Labor Code section

2    1174 subdivision (d), Defendants have made it difficult to calculate the full extent of overtime

3    compensation due to Plaintiff and the Class.

4    54.    Plaintiff and the Class also request recovery of overtime compensation according to

5    proof, interest, attorneys' fees and costs pursuant to California Labor Code section 1194,

6    subdivision (a), as well as the assessment of any statutory penalties against Defendants, in a sum

7    as provided by the California Labor Code and/or other statutes.

8    55.    California Labor Code section 204 requires employers to provide employees with

9    all wages due and payable twice a month. The IWC Wage Orders, specifically IWC Order No. 5-

10    2001, also provide that every employer shall pay to each employee, on the established payday for

11    the period involved, overtime wages for all overtime hours worked in the payroll period.

12    Defendants failed to provide Plaintiff and the Class with all compensation due, in violation of

13    California Labor Code section 204.

14    **THIRD CAUSE OF ACTION**

15    **(Failure to Provide Meal Periods)**

16    56.    Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs

17    1 through 55 in this Complaint.

18    57.    Under California law, Defendants have an affirmative obligation to relieve the

19    Plaintiff and the Class of all duties in order to take their first daily meal periods no later than at the

20    end of Plaintiff and the Class's fifth hour of work in a workday, and to take their second meal

21    periods no later than at the end of the tenth hour of work in the workday. California Labor Code

22    section 512, and Section 11 of the applicable IWC Wage Orders, specifically IWC Order No. 5-

23    2001, require that an employer provide unpaid meal periods of at least 30 minutes for each five-

24    hour period worked. It is a violation of California Labor Code section 226.7 for an employer to

25    require any employee to work during any meal period mandated under any IWC Wage Order.

26    58.    Despite these legal requirements, Defendants, at times, failed to provide Plaintiff

27    and the Class with both meal periods as required by California law. By their failure to permit and

28    authorize Plaintiff and the Class to take all meal periods as alleged above (or due to the fact that

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

15

Defendants, at times, made it impossible or impracticable to take these uninterrupted meal periods), Defendants willfully violated the provisions of California Labor Code section 226.7 and the applicable IWC Wage Orders.

59.    Under California law, Plaintiff and the Class are entitled to be paid one hour of additional wages for each workday they were not provided with all required meal period(s), plus interest thereon.

## FOURTH CAUSE OF ACTION

### (Failure to Authorize and Permit Rest Periods)

60.    Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 59 in this Complaint.

61.    Defendants are required by California law to authorize and permit breaks of 10 uninterrupted minutes for each four hours of work or major fraction of four hours (i.e. more than two hours). California Labor Code section 512, and the applicable IWC Wage Orders, specifically IWC Order No. 5-2001, require that the employer permit and authorize all employees to take paid rest periods of 10 minutes each for each four-hour period worked. Thus, for example, if an employee's work time is six hours and ten minutes, the employee is entitled to two rest breaks. Each failure to authorize rest breaks as so required is itself a violation of California's rest break laws. It is a violation of California Labor Code section 226.7 for an employer to require any employee to work during any rest period mandated under any IWC Wage Order.

62.    Despite these legal requirements, Defendants at times failed to authorize Plaintiff and the Class to take rest breaks, regardless of whether employees worked more than four hours in a workday. By their failure to permit and authorize Plaintiff and the Class to take rest periods as alleged above (or due to the fact that Defendants, at times, made it impossible or impracticable to take these uninterrupted rest periods), Defendants willfully violated the provisions of California Labor Code section 226.7 and the applicable IWC Wage Orders.

63.    Under California law, Plaintiff and the Class are entitled to be paid one hour of premium wages rate for each workday they were not provided with all required rest break(s), plus interest thereon.

FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

**FIFTH CAUSE OF ACTION**

**(Failure to Pay Wages of Discharged Employees – Waiting Time Penalties)**

64.     Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 63 in this Complaint.

65.     At all times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

66.     Within the applicable statute of limitations, the employment of many other Class Members ended, i.e., was terminated by quitting or discharge, and the employment of others will be. However, during the relevant time period, Defendants, at times, failed, and continue to fail, to pay the terminated Class Members, without abatement, all wages required to be paid by California Labor Code sections 201 and 202 either at the time of discharge, or within 72 hours of their leaving Defendants' employ.

67.     Defendants' failure to pay the Class Members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within 72 hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

68.     California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty wage from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than 30 days.

69.     Pursuant to California Labor Code section 203, some of the Class is entitled to recover from Defendants their additionally accruing wages for each day they were not paid, at their regular hourly rate of pay, up to 30 days maximum.

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

70.     Pursuant to California Labor Code sections 218.5, 218.6 and 1194, the Class is also entitled to an award of reasonable attorneys' fees, interest, expenses, and costs incurred in this action.

## SIXTH CAUSE OF ACTION

### (Failure to Provide and Maintain Accurate and Compliant Wage Records)

71.     Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 70 in this Complaint.

72.     At all material times set forth herein, California Labor Code section 226, subdivision (a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing showing nine pieces of information, including: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

73.     Defendants have, at times, intentionally and willfully failed to provide employees with complete and accurate wage statements. The deficiencies include, among other things, the failure to correctly identify the gross wages earned by Plaintiff and the Class, the failure to list the true "total hours worked by the employee," and the failure to list the true net wages earned.

74.     As a result of Defendants' violation of California Labor Code section 226, subdivision (a), Plaintiff and the Class have suffered injury and damage to their statutorily protected rights.

75.     Specifically, Plaintiff and the Class have been injured by Defendants' intentional violation of California Labor Code subdivision 226, subdivision (a) because Plaintiff and the Class

were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements under section 226, subdivision (a).

76.     Calculation of the true wage entitlement for Plaintiff and the Class is difficult and time consuming. As a result of this unlawful burden, Plaintiff and the Class were also injured as a result of having to bring this action to attempt to obtain correct wage information following Defendants' refusal to comply with many of the mandates of the California Labor Code and related laws and regulations.

77.     Plaintiff and the Class are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226, subdivision (a), or an aggregate penalty not exceeding four thousand U.S. dollars ($4,000) per employee.

78.     Plaintiff and the Class are also entitled to injunctive relief, as well as an award of attorney's fees and costs to ensure compliance with this section, pursuant to California Labor Code section 226, subdivision (h).

## SEVENTH CAUSE OF ACTION

### (Failure to Indemnify Employees for Expenditures)

79.     Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 78 in this Complaint.

80.     As set forth above, Plaintiff and the Class were required to incur substantial necessary expenditures and losses in direct consequence of the discharge of their duties or of their obedience to directions of Defendants.

81.     Defendants violated California Labor Code section 2802, by failing to pay and indemnify Plaintiff and the Class for necessary expenditures and losses incurred in direct consequence of the discharge of their duties or of their obedience to directions of Defendants.

82.     As a result, Plaintiff and the Class were damaged at least in the amounts of the expenses they paid, or which were deducted by Defendants from their wages.

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

83. Plaintiff and the Class are entitled to reasonable attorney's fees, expenses, and costs of suit pursuant to California Labor Code section 2802, subdivision (c) and interest pursuant to section 2802, subdivision (b).

## EIGHTH CAUSE OF ACTION

### (Violation of California Business & Professions Code §§ 17200, *et seq.*)

84. Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 83 in this Complaint.

85. Defendants, and each of them, are "persons" as defined under California Business and Professions Code section 17201.

86. Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, other Class Members, and to the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

87. Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business and Professions Code sections 17200, *et seq.*

88. A violation of California Business and Professions Code sections 17200, *et seq.* may be predicated on the violation of any state or federal law. All the acts described herein as violations of, among other things, the California Labor Code, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of California Business and Professions Code sections 17200, *et seq.*

### Failure to Pay Minimum and Straight Time Wages

89. Defendants' failure to pay minimum and straight time wages, and other benefits in violation of the California Labor Code constitutes unlawful and/or unfair activity prohibited by California Business and Professions Code sections 17200, *et seq.*

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

**Failure to Pay Overtime Wages**

90.    Defendants' failure to pay overtime compensation and other benefits in violation of California Labor Code sections 510, 1194, and 1198 constitutes unlawful and/or unfair activity prohibited by California Business and Professions Code sections 17200, *et seq.*

**Failure to Provide Meal Periods**

91.    Defendants' failure to provide meal periods in accordance with California Labor Code sections 226.7 and 512, and the IWC Wage Orders, specifically IWC Order No. 5-2001, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business and Professions Code sections 17200, *et seq.*

**Failure to Authorize and Permit Rest Periods**

92.    Defendants' failure to authorize and permit rest periods in accordance with California Labor Code section 226.7 and the IWC Wage Orders, specifically IWC Order No. 5-2001, as alleged above, constitutes unlawful and/or unfair activity prohibited by Business and Professions Code sections 17200, *et seq.*

**Failure to Indemnify Business Expenses**

93.    Defendants' failure to reimburse expenses incurred in accordance with California Labor Code section 2802, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Business and Professions Code sections 17200, *et seq.*

94.    By and through their unfair, unlawful and/or fraudulent business practices described herein, Defendants, have obtained valuable property, money and services from Plaintiff, and all persons similarly situated, and have deprived Plaintiff, and all persons similarly situated, of valuable rights and benefits guaranteed by law, all to their detriment.

95.    Plaintiff and the Class Members suffered monetary injury as a direct result of Defendants' wrongful conduct.

96.    Plaintiff, individually, and on behalf of members of the Putative Class, is entitled to, and does, seek such relief as may be necessary to disgorge money and/or property which the Defendants have wrongfully acquired, or of which Plaintiff and the Class have been deprived, by means of the above-described unfair, unlawful and/or fraudulent business practices. Plaintiff and

FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

the Class are not obligated to establish individual knowledge of the wrongful practices of Defendants in order to recover restitution.

97.    Plaintiff, individually, and on behalf of members of the Putative Class, is further entitled to, and does, seek a declaration that the above-described business practices are unfair, unlawful and/or fraudulent, and injunctive relief restraining the Defendants, and each of them, from engaging in any of the above-described unfair, unlawful and/or fraudulent business practices in the future.

98.    Plaintiff, individually, and on behalf of members of the Putative Class, have no plain, speedy, and/or adequate remedy at law to redress the injuries which the Class Members suffered because of the Defendants' unfair, unlawful and/or fraudulent business practices. As a result of the unfair, unlawful and/or fraudulent business practices described above, Plaintiff, individually, and on behalf of members of the Putative Class, have suffered and will continue to suffer irreparable harm unless the Defendants are restrained from continuing to engage in said unfair, unlawful and/or fraudulent business practices.

99.    Plaintiff also alleges that if Defendants are not enjoined from the conduct set forth herein above, they will continue to avoid paying the appropriate taxes, insurance and other withholdings.

100.    Pursuant to California Business and Professions Code sections 17200, *et seq*., Plaintiff and Putative Class Members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and Class Members; an award of attorneys' fees pursuant to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award of costs.

## NINTH CAUSE OF ACTION

### (Civil Penalties Under the Private Attorneys General Act of 2004,

### Cal. Lab. Code, §§ 2698, *et seq*.)

101.    Plaintiff incorporates by reference and re-alleges as if fully stated herein paragraphs 1 through 100 in this Complaint.

FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

**WILSHIRE LAW FIRM, PLC**
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

102.    At all times herein mentioned, Defendants were subject to the California Labor Code and the applicable IWC Wage Orders, specifically MW-2005 and IWC Order No. 5-2001.

103.    California Labor Code section 2699, subdivision (a) specifically provides for a private right of action to recover penalties for violations of the California Labor Code: "Notwithstanding any other provision of law, any provisions of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of the employee and other current or former employees against whom a violation of the same provision was committed pursuant to the procedures specified in Section 2699.3."

104.    Plaintiff has exhausted her administrative remedies pursuant to California Labor Code section 2699.3. On or about February 12, 2025, Plaintiff gave written notice by online filing to the Labor and Workforce Development Agency and by certified mail to Defendants of the specific provisions of the California Labor Code that Defendants have violated against Plaintiff and current and former Aggrieved Employees, including the facts and theories to support the violations. Plaintiff also paid the filing fee on or about February 12, 2025. Plaintiff's PAGA case number is LWDA-CM-1079650-25.

(a)    Attached hereto as **Exhibit 1** is a true and correct copy of Plaintiff's February 12 2025, notice to the Labor and Workforce Development Agency and Defendants.

105.    More than 65 days has elapsed since Plaintiff provided notice, but the Labor and Workforce Development Agency has not indicated that it intends to investigate Defendants' Labor Code violations discussed in the notice. Accordingly, Plaintiff may commence a civil action to recover penalties under California Labor Code section 2699 pursuant to section 2699.3 for the violations of the Labor Code described in this Complaint. Thus, pursuant to California Labor Code section 2699, subdivision (a), Plaintiff, for herself and all current and former Aggrieved Employees, seeks recovery of any and all applicable civil penalties for Defendants' violation of California Labor Code sections 226, 226.3, 226.7, 558, 1197.1, 2699, 2800, and 2802.

106.    In addition, Plaintiff seeks penalties for Defendants' violation of California Labor Code section 1174, subdivision (d). Pursuant to California Labor Code section 1174.5, any person, including any entity, employing labor who willfully fails to maintain accurate and complete records required by California Labor Code section 1174 is subject to a penalty under section 1174.5. Pursuant to the applicable IWC Order No. 5-2001, section 7, subdivision (A)(3), every employer shall keep time records showing when the employee begins and ends each work period. Meal periods, and total hours worked daily shall also be recorded. Additionally, pursuant to the IWC Order No. 5-2001, section 7, subdivision (A)(5), every employer shall keep total hours worked in the payroll period and applicable rates of pay.

107.    During the time period of employment for Plaintiff and the Aggrieved Employees, Defendants failed to maintain records pursuant to the California Labor Code and IWC Wage Orders by failing to maintain accurate records showing meal periods, and accurate records showing when employees begin and end each work period. Defendant's failure to provide accurate time records and meal period documentation resulted in employees being unable to dispute their hours worked or meal breaks taken, deprived them of the ability to verify the accuracy of their wages. Defendants' failure to provide and maintain records required by the California Labor Code and IWC Wage Orders deprived Plaintiff and the Aggrieved Employees the ability to know, understand and question the accuracy and frequency of meal periods, and the accuracy of their hours worked stated in Defendants' records. Therefore, Plaintiff and the Aggrieved Employees had no way to dispute the resulting failure to pay wages, all of which resulted in an unjustified economic enrichment to Defendants. Plaintiff and the Aggrieved Employees were directly harmed by this failure, as it prevented them from challenging inaccurate wage payments or meal period denials. As a direct result, Plaintiff and the Aggrieved Employees have suffered and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligation under state law, all to their respective damage in amounts according to proof at trial. Because of Defendants' knowing failure to comply with the California Labor Code and applicable IWC Wage

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

Orders, Plaintiff and the Aggrieved Employees have also suffered an injury in that they were prevented from knowing, understanding, and disputing the wage payments paid to them.

108.    Defendants' conduct was not an isolated event, but rather a continued and willful pattern of conduct that resulting in systemic harm to Plaintiff and the Aggrieved Employees, including recurring instances of wage underpayment, denied breaks, and inaccurate record-keeping. Based on the conduct described in this Complaint, Plaintiff is entitled to an award of civil penalties on behalf of the State of California and similarly Aggrieved Employees of Defendants. The exact amount of the applicable penalties, in all, is in an amount to be shown according to proof at trial. These penalties are in addition to all other remedies permitted by law.

109.    In addition, Plaintiff seeks an award of reasonable attorney's fees and costs pursuant to California Labor Code section 2699, subdivision (g)(1) which states, "Any employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs."

## VII.    <u>PRAYER FOR RELIEF</u>

Plaintiff, individually, and on behalf of all others similarly situated prays for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1.    That this action be certified as a class action with respect to the First, Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action;

2.    That Plaintiff be appointed as the representative of the Class; and,

3.    That counsel for Plaintiff be appointed as Class Counsel.

### As to the First Cause of Action

4.    That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 204 and 1194 and applicable IWC Wage Orders by willfully failing to pay all minimum and straight time wages due;

5.    For unpaid wages as may be appropriate;

6.    For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

7.     For penalties, restitution, and liquidated damages pursuant to California Labor Code section 1197.1;

8.     For liquidated damages;

9.     For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194, subdivision (a); and,

10.    For such other and further relief as the Court may deem equitable and appropriate.

**As to the Second Cause of Action**

11.    That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due;

12.    For unpaid wages at overtime wage rates as may be appropriate;

13.    For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

14.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194, subdivision (a); and,

15.    For such other and further relief as the Court may deem equitable and appropriate.

**As to the Third Cause of Action**

16.    That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 226.7 and 512, and the IWC Wage Orders;

17.    For unpaid meal period premium wages as may be appropriate;

18.    For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

19.    For reasonable attorneys' fees under California Code of Civil Procedure section 1021.5, and for costs of suit incurred herein; and,

20.    For such other and further relief as the Court may deem equitable and appropriate.

**As to the Fourth Cause of Action**

21.    That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 226.7 and 512, and the IWC Wage Orders;

FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

22. For unpaid rest period premium wages as may be appropriate;

23. For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

24. For reasonable attorneys' fees under California Code of Civil Procedure section 1021.5, and for costs of suit incurred herein; and,

25. For such other and further relief as the Court may deem equitable and appropriate.

**As to the Fifth Cause of Action**

26. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment;

27. For statutory wage penalties pursuant to California Labor Code section 203 for former employees who have left Defendants' employ;

28. For pre-judgment interest on any unpaid wages from the date such amounts were due;

29. For reasonable attorneys' fees and for costs of suit incurred herein; and,

30. For such other and further relief as the Court may deem equitable and appropriate.

**As to the Sixth Cause of Action**

31. That the Court declare, adjudge, and decree that Defendants violated the record keeping provisions of California Labor Code section 226, subdivision (a) and applicable IWC Wage Orders, and willfully failed to provide accurate itemized wage statements thereto;

32. For all actual damages, according to proof;

33. For statutory penalties pursuant to California Labor Code section 226, subdivision (e);

34. For injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226, subdivision (h);

35. For reasonable attorneys' fees and for costs of suit incurred herein; and,

36. For such other and further relief as the Court may deem equitable and appropriate.

FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

**As to the Seventh Cause of Action**

37.    That the Court declare, adjudge, and decree that Defendants violated California Labor Code section 2802 by willfully failing to indemnify employees for expenditures;

38.    For unpaid wages or unreimbursed business expenses as may be appropriate;

39.    For pre-judgment interest on any unpaid compensation commencing from the date such amounts were due;

40.    For reasonable attorneys' fees and for costs of suit incurred herein; and,

41.    For such other and further relief as the Court may deem equitable and appropriate.

**As to the Eighth Cause of Action**

42.    That the Court declare, adjudge, and decree that Defendants violated California Business and Professions Code sections 17200, *et seq*. by failing to pay for all hours worked (minimum, straight time, and overtime wages), failing to provide meal periods, and failing to authorize and permit rest periods;

43.    For restitution of unpaid wages to Plaintiff and all Class Members and prejudgment interest from the day such amounts were due and payable;

44.    For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business and Professions Code sections 17200, *et seq*.;

45.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

46.    For injunctive relief to ensure compliance with this section, pursuant to California Business and Professions Code sections 17200, *et seq*.; and,

47.    For such other and further relief as the Court may deem equitable and appropriate.

**As to the Ninth Cause of Action**

48.    That the Court declare, adjudge, and decree that Defendants violated the California Labor Code by failing to pay wages for all hours worked (including minimum, straight time, and overtime wages), failing to provide meal periods, failing to authorize and permit rest periods, failing to furnish accurate wage statements, and failing to indemnify employees for expenditures;

28

49.     For all civil penalties pursuant to California Labor Code section 2699, et seq., and all other applicable Labor Code provisions;

50.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 2699; and

51.     For such other and further relief as the Court may deem equitable and appropriate.

### As to all Causes of Action

52.     For any additional relief that the Court deems just and proper.


Dated: July 21, 2025                    Respectfully submitted,


                                        */s/ Lauren M. Lendzion*
                                        Thiago M. Coelho
                                        Lauren M. Lendzion
                                        Jesenia A. Martinez
                                        Jesse S. Chen
                                        **WILSHIRE LAW FIRM, PLC**
                                        *Attorneys for Plaintiff and the Putative Class*

**WILSHIRE LAW FIRM, PLC**
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

29

FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all causes of action triable by jury.


Dated: July 21, 2025                    Respectfully submitted,


                                        /s/ Lauren M. Lendzion
                                        Thiago M. Coelho
                                        Lauren M. Lendzion
                                        Jesenia A. Martinez
                                        Jesse S. Chen
                                        **WILSHIRE LAW FIRM, PLC**
                                        *Attorneys for Plaintiff and the Putative*
                                        *Class*

FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017